IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN GODWIN SWANSON,** )<br>**#34056-058,** )<br>)<br>　　　　**Plaintiff,** )<br>)<br>vs. )<br>)<br>**RONALD LANG** )<br>**and DANIEL HUGGINS,** )<br>)<br>　　　　**Defendants.** ) | Case No. 24-cv-02705-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Defendant Ronald Lang and Daniel Huggins's Motion to Dismiss (Doc. 37) and Plaintiff Benjamin Godwin Swanson's Motion for Leave to Amend Complaint (Doc. 42). For the reasons set forth below, Defendants' unopposed motion shall be **GRANTED** and Plaintiff's motion shall be **DENIED**.

### Background

Plaintiff Benjamin Swanson is an inmate in the custody of the Federal Bureau of Prisons (FBOP) and filed this action under the Federal Tort Claims Acts (FTCA), 28 U.S.C. §§ 1346, 2671-2680, 28 U.S.C. § 1331, and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff claims Officer Lang targeted him for retaliation after he refused a job assignment at the United States Penitentiary in Marion, Illinois (USP-Marion).[1] He declined the offer because he feared arbitrary termination, and his decision upset Lang. *Id*. at 9. In response, Lang encouraged other officers to mock, tease, bully,

---

[1] This prison was reclassified as a federal correctional institution after the events giving rise to Plaintiff's Complaint. For purposes of this Order, the Court will refer to the facility as "USP-Marion."

harass, and play "mind games" with Plaintiff. *Id*. This included Lieutenant Huggins, who threatened to have Plaintiff's pay docked or have him placed in the special housing unit (SHU). Plaintiff was also ordered to submit to hand restraints. This caused anxiety and depression. *Id*.

When Plaintiff again refused the job offer on January 26, 2023, Defendants Lang, Johnson, Huggins, and Wallace falsely framed him for possessing staff clothing. *Id*. at 10. While Huggins supervised, Lang instructed Johnson to retrieve an approved gray work vest from Plaintiff's cell. *Id*. The officers then transferred Plaintiff to the SHU while they investigated, and Johnson took non-contraband personal property worth $405.20 from his cell and gave it away to other inmates. *Id*. at 11.

Plaintiff received a disciplinary ticket for possession of the vest, and Officer Wallace presided over the disciplinary hearing for Inmate DR#3726377 on February 10, 2023. In the presence of two inmate representatives, Wallace said, "I know you're innocent Swanson, but I was told to find you guilty no matter what. We (Huggins & Lang) spent a lot of time to get you back for being annoying." *Id*. After being denied due process at his disciplinary hearing, Plaintiff was released back into the general population. He does not indicate what decision was reached, what punishment was given, whether he served time in the SHU, or the length of time he remained there. *Id*.

After Plaintiff returned to the general population, Huggins told him that he was not allowed to work in the recreation area ever again. When Plaintiff asked Huggins where his property went, Huggins said, "Tort claim it." *Id*. Plaintiff filed administrative remedy requests and a tort claim before filing this suit seeking compensation for his personal property ($405.20) under the FTCA and money damages for violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments. He also seeks injunctive relief. *Id*.

The Court screened the Complaint under 28 U.S.C. § 1915A and recognized these claims:

**Count 1:** FTCA claim against the United States for the negligent, wrongful, or intentional loss of Plaintiff's personal property worth $405.20 by Lang, Huggins, Wallace, and Johnson during his housing transfer on or around January 26, 2023.

**Count 2:** First Amendment claim against Lang, Huggins, Wallace, and Johnson for retaliating against Plaintiff by issuing him a false disciplinary ticket for unlawful possession of a staff vest after he refused to work for Lang on January 26, 2023.

**Count 3:** Fifth Amendment claim against Lang, Huggins, Wallace, and Johnson for issuing Plaintiff a false disciplinary ticket for possession of a staff vest on January 26, 2023 and denying him due process of law at a disciplinary hearing on February 10, 2023.

**Count 4:** Eighth Amendment claim against Lang and Huggins for verbally harassing Plaintiff, cuffing him, and threatening him with placement in the SHU and thereby causing him anxiety and depression.

(Doc. 11). Counts 1, 2, and 3 were dismissed with prejudice for failure to state a claim for relief against the defendants.[2] *Id*. at 7. Count 4 is the only claim that survived preliminary review, and it proceeded against Defendants Lang and Huggins. Defendants Lang and Huggins were served with this lawsuit, and Defendants Wallace and Johnson were dismissed. *Id*.

## **Motion to Dismiss**

In lieu of answers, Defendants Lang and Huggins filed a joint motion seeking dismissal of Count 4 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 37). Defendants assert six arguments in support of their motion, as follows: (1) Supreme Court developments preclude Plaintiff from obtaining relief for excessive force and/or verbal harassment under *Bivens*; (2) no constitutional claim is stated for the use of hand restraints, cuffing, and/or excessive force on a single occasion; (3) no constitutional claim is stated for verbal harassment and threats to dock

---

[2] Plaintiff pursued habeas relief in connection with DR #3726377, and the Central District of Illinois denied his Petition for Writ of Habeas Corpus on September 10, 2025. *Swanson v. Warden*, Case No. 24-cv-1176-CRL (C.D. Ill.)

the plaintiff's pay and/or place him in the SHU; (4) Defendants are entitled to qualified immunity on the verbal harassment claim; (5) the doctrine announced in *Heck v. Humphrey* bars the claim for placement in the SHU; and (6) injunctive relief is not available. *Id*. Although he requested and received an extension of time to file a response in opposition to this motion. (Docs. 40, 41). In the end, Plaintiff filed no response in opposition to it.

## Motion for Leave to Amend Complaint

Plaintiff instead moved for leave to file an amended complaint on September 4, 2025. (Doc. 42). In his motion, Plaintiff explains that the original Complaint contained a "missing count/claim," and he states that the proposed amendment addresses this and other deficiencies in the original Complaint that were noted by the Court. *Id*. The proposed Amended Complaint will be discussed in more detail below.

Defendants filed a Response (Doc. 45) in opposition to Plaintiff's motion. Defendants argue that their pending motion should be granted and is not rendered moot by Plaintiff's motion for leave to amend the complaint. Defendants point out that Plaintiff failed to oppose the motion, and they argue that his proposed Amended Complaint fails to cure any defects in the original Complaint. The Court will discuss their arguments in more detail below.

## Applicable Legal Standards

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court must decide the adequacy of the complaint. *See* FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The motion will be granted if the complaint does not include sufficient factual allegations to "state a claim to relief that is plausible on its face" or "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plausible claim requires the plaintiff to "plead[ ] factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

Motions seeking leave to amend a complaint are governed by Rule 15.  *See* FED. R. CIV. P. 15.  Under Rule 15(a)(1), a party may amend a pleading once as a matter of course: (A) no later than 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  *See* FED. R. CIV. P. 15(a)(1)(A)-(B).  Rule 15(a)(2) allows a party to amend its pleading in all other situations "only with the opposing party's written consent or the court's leave . . . when justice so requires."  *See* FED. R. CIV. P. 15(a)(2)

A prisoner's amended complaint is subject to threshold review under 28 U.S.C. § 1915A. Similar legal standards apply to preliminary review of prisoner complaints under 28 U.S.C. § 1915A and motions to dismiss filed under Rule 12(b)(6).  Section 1915A requires the Court to screen prisoner complaints and dismiss any portion that fails to state a claim for relief, is legally frivolous or malicious, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A.  Rule 12(b)(6) provides for dismissal of a complaint, or any portion of it, for failure to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  To survive review under both standards, a complaint must include sufficient facts to state a claim for relief that is plausible on its face and must also state sufficient facts to raise the right to relief above the

speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## Discussion

This case now focuses on Plaintiff's Eighth Amendment claim (Count 4) against Defendants Lang and Huggins for cuffing him, verbally harassing him, and threatening him. *See* Docs. 1, 11. Count 4 is the only claim in the Complaint that survived screening under § 1915A.[3] *See id*. Defendants assert that this claim is foreclosed by recent decisions of the United States Supreme Court and/or Seventh Circuit Court of Appeals. (Doc. 37). Alternatively, the allegations fail to articulate a constitutional claim. *Id*. Plaintiff does not address either argument, but seeks leave to amend his complaint and expand this claim to include additional defendant(s) and allegations. (Doc. 42).

Plaintiff brought Count 4 under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971). In *Bivens*, the Supreme Court first recognized an implied damages remedy against individual federal agents for violations of the Fourth Amendment prohibition against unreasonable searches and seizures. *Bivens*, 403 U.S. at 392. This remedy was expanded to include a Fifth Amendment claim of gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim of medical deliberate indifference in *Carlson v. Green*, 446 U.S. 14 (1980). In the past four-plus decades since *Bivens*, *Davis*, and *Carlson* were decided, the Supreme Court has declined to extend this implied damage remedy into any new context while making clear that it strongly disfavors all further expansion of the remedy. *Ziglar v. Abbasi*, 582 U.S. 120 (2017).

---

[3] Counts 1, 2, and 3 were dismissed *with prejudice*, *see* Doc. 11, so the Court will not address Defendants' arguments supporting the dismissal of those claims or Plaintiff's attempts to reinstate them.

6

Going forward, district courts presented with any *Bivens*-type claim must decide whether the claim meaningfully differs from the three claims previously recognized by the Supreme Court. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). In addition, these courts must analyze "special factors" that counsel hesitation in expanding the remedy into a new context without congressional action. The analysis often boils down to whether there is any reason to think Congress is better positioned to create a damages remedy. Frequently, Congress is in a better position. *Id*.

Against this backdrop and with the benefit of thorough and unopposed briefing on the matter, the Court finds that Count 4 is meaningfully different from the claims at issue in *Bivens*, *Davis*, and *Carlson*. Plaintiff's claim is factually and legally distinguishable from the Fourth Amendment claim in *Bivens*, the gender discrimination claim at issue in *Davis*, and the Eighth Amendment medical deliberate indifference claim in *Carlson*. Plaintiff brings his claim against the prison's sports specialist (Lang) and a lieutenant (Huggins) for cuffing, verbal harassment, and threats under the Eighth Amendment. *Bivens*, *Davis*, and *Carlson* do not address an identical or similar claim under the Eighth Amendment.

Count 4 is most like the Eighth Amendment excessive force claim against prison officials at issue in *Goldey v. Fields*, 606 U.S. 942, 944 (2025). The Supreme Court issued this decision after Plaintiff's Complaint was screened, *see* Doc. 11, and Count 4 was allowed to proceed. In *Goldey*, the Court dismissed the Eighth Amendment excessive force claim after determining that it presented a new context and that special factors counseled against expansion of the *Bivens* remedy to include it. *Id*. The Seventh Circuit Court of Appeals reached similar conclusions in two cases against prison officials who allegedly used excessive force against an inmate and/or failed to protect an inmate from its use. *See Ajaj v. Fozzard*, App. No. 23-2219, 2024 WL 4002912 (7th Cir. Aug. 30, 2024) (Eighth Amendment excessive force claim against prison guard presents

new context); *Sargent v. Barfield*, 87 F.4th 358, 366 (7th Cir. 2023) (Eighth Amendment failure-to-protect claim against inmate's case manager presents new context). Like those Eighth Amendment claims at issue in *Goldey, Ajaj*, and *Sargent*, Count 4 presents a new context.

Special factors weigh against expanding the *Bivens* remedy into this next context. Just as the Court explained in *Goldey*, expansion of this remedy to cover such claims against prison officials would make it "inordinately difficult" to run the prison. *Goldey*, 606 U.S. at 944. And, an alternative remedial scheme exists to address these issues at the facility using the administrative remedies process available through the Federal Bureau of Prisons. *Id*. (citing *Egbert*, 596 U.S. 490-91); *Skyberg v. James*, 2025 WL 1672871, at *2 (7th Cir. June 13, 2025) (administrative remedies process allows inmate to seek redress for complaints about work assignments, health, and housing). Consistent with this precedent, this Court finds that Plaintiff's Eighth Amendment claim against Defendants Lang and Huggins is foreclosed by *Egbert, Goldey,* and progeny.

Plaintiff's request for injunctive relief stemming from his claims in this case are moot because his underlying claims have been dismissed and he is no longer housed at the facility where the events giving rise to the claim occurred. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 395 (7th Cir. 2019). Injunctive relief is unavailable.

Defendants' motion to dismiss Count 4 shall be granted. Plaintiff's motion for leave to amend the complaint shall be denied.[4] Because no other claims remain pending, this case shall be dismissed with prejudice.

---

[4] Any property claim Plaintiff attempts to re-cast as a Fourth Amendment claim is also foreclosed by *Egbert* and its progeny.

**Disposition**

Defendant Ronald Lang and Daniel Huggins's Motion to Dismiss (Doc. 37) is **GRANTED**, and Plaintiff Swanson's Motion for Leave to Amend Complaint (Doc. 42) is **DENIED**. **COUNT 4** is **DISMISSED** without prejudice against Defendant Ronald Lang and Daniel Huggins. Because no other claim remains pending, the entire action is **DISMISSED with prejudice**.

The Clerk's Office is **DIRECTED** to **ENTER** the judgment and close this case.

**IT IS SO ORDERED**.

**DATED: 3/2/2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**